The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and His Honorable Court. Thank you. Good morning everyone. First case this morning is number 2010-1077 Akazawa v. LINK NEW TECH. Mr. Trojan. Good morning. Please support. My name is Joseph Trojan. I'm counsel for the appellant. We're here on two claim construction matters, not claim construction, infringement matters relating to pressure means and second connecting means for a device that removes bad. Before we get into the merits, could I just ask you, it's unusual to have only an appellant and not an appellee. What is the nature of the lawsuit at present? Has LINK NEW, did you achieve some sort of settlement or mutual agreement whereby they wouldn't weigh in at this procedure? Are they still involved in the case as far as you know? Are they out of business and bankrupt? What's going on? Why is it that they're not participating to the extent that you know? New Link moved to Texas from California and started doing business in Texas. Under the same name and as the same company? Correct. And the same ownership. And so the company continues to exist and continues to, to my understanding, do well in Texas. Um, they have Texas counsel that represented them in the district court during the summary judgment proceedings. That counsel, um, simply didn't appear in the appeal with respect to any sort of settlement. Literally before this decision came down, we were very close to resolving the case and then the settlement and then the decision came down. And so it may be that they were just happy with what we were going to agree to anyway, so they didn't want to spend the money on it. But you haven't agreed to anything. We haven't agreed to anything. No, there's no agreement saying, well, if you lose, you get one thing. If you win, you get another thing. No, we were just very close to settlement before the decision. And that's all I can, with respect to settlement, that's all I can say. So why are we, so we're, we're here because there's still a live dispute? Well, we're here because there's, because once the adverse decision came down, then they were not willing to enter into the. So let's proceed with the merits of why you think the adverse decision is wrong. With respect to the pressure means, the pressure means does nothing more than produce a negative pressure to suck the bad fluid out of the radiator and then switch to a positive pressure to force the good fluid into the radiator. And so that speeds up the process, and it also, you don't have to put it up on a rack to drain it out, so it's a much simpler process and a faster process. Now, with respect to, the court interpreted that one of the elements of this pressure means was a baffle pen, and Link alleged that they had a valve instead of a baffle pen. That made no difference to the function. Both serve to transfer from positive to negative pressure. Well, let's say we agree with you as to the function. You would still have to overcome some difficulties because of the difference in structure. Well, they allege that their structure is safer than our structure, but that's not the function. So whether it's easier to replace, whether it's safer, they're saying with respect to a baffle pen, a baffle pen is merely a baffle pen. But they said theirs was advantageous, so that's not an issue here. Correct. But you need to show not only an error in function, but also an error in the structure or the potential equivalency of the structure. And the structures are different on their face. So you would have to establish, at least prima facie, that they could be found equivalent. They're equivalent because they both are used to transfer from positive to negative pressure. That's the function. That's the function, and they do that. You need equivalent structure under 112.6. And the structure is equivalent because it blocks, both block the path of the air. That's the function. Well, physically they're doing the same thing. They're physically blocking the path of the air. One does it because a pen goes and sits in the path of the air. The other does it because a valve simply closes. So both of those things, whether both of them are, well, physically shaped different, are both blocking the air. But in different ways, right? Based on the different shapes. That's true, but that's the same as when you look to the case law. For example, a tape deck and a CD were considered equivalent because they both recorded information. You look at, there's cases that say it's equivalent when the plane read that it was digital, or the device was digital, or I mean analog, and someone made it digital. That was still equivalent. Clearly, structurally, there's a huge difference between a tape deck and a CD, and there's a huge difference between analog and digital. But those things were still considered structurally equivalent. And here, the difference is even less than in those cases because we're literally only talking about a piece of metal blocking the flow of air. My problem with this case is that we're, obviously, we've only got one side, and we've got an appendix that doesn't even include a motion. They filed a motion for summary judgment on this. You asked for summary judgment of infringement. We don't have that motion. I guess, did you file a response, anything in response to their motion for summary judgment on this patent? Yes. That's not in the record, is it, or did I miss it? It may not be in the appendix, but you know our rules are very strict about not putting things in the appendix as well. No, I understand that. I just, I mean, what seems, I'll tell you the problem I'm having. It's on summary judgment here, so you have to establish that there's a material issue and dispute. I'm having a hard time finding out what you put before the district court. If you give nothing and they say this, they win. So all I could find from the appendix you gave us, and I couldn't find the rest of the stuff on PACER or elsewhere, is the statement that you have in the discussion with the district court, and where you seemingly objected to the testimony saying they didn't have an expert. If we had known you were going to treat this as an expert, we would have put on an expert. Did you put on anything? There's an interesting order in the case from April 16th in which the court set the summary judgment motion schedule and then said expert designations and expert discovery and reports would be due, I believe, something like 120 days after he ruled on the motion, on the summary judgment motions. So literally the court ordered, we're going to do the summary judgment motions first, and then after I rule, and only after I rule, are we triggering any expert discovery. So that was a... But they put these statements forward, right? They did put those statements are not from the inventor. They're technical statements that are not from the inventor's precipient knowledge that one would normally have. They require an expert interpretation, and there's no foundation for his statements. For example, that our device, because it has a baffle pin, would cause the thing to blow up. Well, did you file something in response when they put this forward in the record, I guess, attached to their motion for summary judgment? Did you file any response to that? Did you challenge them as not being experts? Did you put on alternatives? Did you raise attorney argument questioning them before we get to before the district court? Because what we have in the record is what you said to the district court about that. I'm just wondering if before that you filed anything. I... Other than challenging the foundation for expert testimony is reflected in oral argument. Is this the only place that you've challenged the foundation for expert testimony? Is this the sum and substance of your argument with respect to that testimony? I cannot say for certain. Well, can you point us to anything in addition to this? It would definitely be in a motion, and as the court pointed out, we're supposed to only put the factual declarations on the appendix. We didn't put any argument in the appendix. So as I sit here today, I cannot recall whether there was a separate filing directed to the exclusion of a lot, other than the arguments that we set forth that his testimony was unreliable and that it lacked foundation that it was expert testimony. Well, it would have been of the nature at least, I suppose, of attorney argument. And talking particularly, it seems, about non-infringement. Correct, and that's exactly what was done at oral argument. That was a large focus of oral argument to point out that the Wadsworth Declaration was completely defective and that he had no foundation for any of the statements he was making in there. There's no evidence our device has ever exploded. There's no evidence about the airflow in their device. They were relying upon a patent, but not the patent that they had filed for, but they didn't describe their device itself. And also with respect to maintenance. There was no evidence that he had ever maintained this, or there had been any complaints at all about our device. And certainly not that it had blown up, that was the kind of issue that was used to distinguish it structurally, that somehow it was structurally different because ours was dangerous. And that simply, completely lacks any kind of foundation. You're looking for a trial on the merits? Absolutely. Whether these things are structurally equivalent is a question the jury should decide. We should be able to put on testimony with respect to that. The court was going to proceed after the summary judgment motion. But shouldn't you have had to give some testimony in opposition to the summary judgment? I mean, attorney argument is never enough. It doesn't become evidence. Well, the objections are certainly relevant. And the whole point was that no one expected there to be experts on these summary judgments because the court had specifically ordered that we're going to do the experts later. But couldn't you have had the inventor testify? No, because he died in a plane crash. And that's why. So that's our position that the awkward procedural posture that was set up, that we were going to do summary judgments with respect to infringement before we had expert testimony. Does it mean that you couldn't have retained an expert to submit a declaration in response to summary judgment or retained any person of ordinary skill to submit a declaration in response to summary judgment even though you hadn't filed expert reports yet? Couldn't you have hired or brought on somebody? I mean, I'm just looking for any scrap of evidence. Right. Well, the question is whether it was obligated to do that. When someone submits an unsubstantiated declaration not from an expert, because Awad was not qualified as an expert in any regard whatsoever, not even in his own declaration was he qualified to testify on these subjects. Hold on. So I guess what your argument might come down to, it seems, is whether we agree with an appeal that suggests he should have been excluded from giving testimony in this as a non-expert. Because if we agree, if we think his testimony was permissible, then we've got testimony on one side and no testimony on the other, which is a problem for you. So it looks like, am I right to say we have to reach a decision on the propriety of his testimony in order for you to then be able to prevail in this appeal? Well, no, because his testimony wouldn't necessarily have to be accepted by a jury. If they had heard his testimony on the witness stand, I don't believe for a second that the jury would believe his testimony. But Mr. Trojan, if that were the standard, the problem for us would be that then every person who puts on absolutely nothing in response to summary judgment would be able to come up to us and say summary judgment shouldn't be granted because the jury could always question the credibility of the witnesses on the other side. And that clearly can't be the way this works. But the burden on summary judgment is on the moving party to submit admissible evidence to prove their case. They didn't even submit evidence of how their own device works. The only evidence in the record for their case is them relying upon their patent to describe it saying, yes, the patent corresponds to the device. And they don't even have testimony to even say that. That's their implication. But did you come up and say, no, that's not true? Did you put on anything? I mean, you also moved for summary judgment of infringement. Did your testimony or your declaration supporting that motion for summary judgment argue that they weren't practicing the thought the accused device was different than the 580? We relied upon the discovery that had been done in the case up to that point to move for summary judgment. And the deposition testimony that had been filed in the case up to that point were on the summary judgment. So since we're not the moving party, we don't believe that we have the burden of if the other party doesn't submit admissible evidence, they haven't put on their case, if they haven't even submitted evidence of what their own device is and only refer to a patent document, the question wasn't whether their patent infringed. The question was whether their device infringed. And that's just classic patent law there. And yet they didn't do that. Well, it seems like the district court got that, but it seems like he made a finding or a conclusion that seems, at least when you read it here, that it doesn't appear that it was contested, which is that the accused device practices the 580 patent. He doesn't say there's a difference in the party's dispute. He just summarily says that the party, that it practices the patent, right? That's an evolved conclusion that the court drew that was not contained in the award declaration. Well, if you didn't have any evidence of how the accused product actually operates, how did you file a summary judgment for infringement? Because the features, when you properly interpret the claim, the fact that there's positive and negative pressure and that there's a switch that switches it from one to the other is established. Their defenses on the stuff that they don't have evidence for, they talk about these extra things that the airflow does in other ways that have nothing to do with the negative and positive pressure that supposedly has some other ancillary benefit. That's not contained in their patent document. But the undisputed thing, no one disputes. Oh, my. No, please continue. It is the negative and positive pressure. And then I didn't get to get to the secondary connection means, but that was just a substitution of two valves for one, substituting multiple parts for one part. And when they do identical things, it is clearly equivalent. Thank you. Okay. Thank you, Mr. Kirchner. The case is taken into submission.